CORRECTED

# In the United States Court of Federal Claims

No. 20-1486 C
(Filed: April 21, 2021)
(NOT FOR PUBLICATION)

```
* * * * * * * * * * * * * * * * * *  *
                                     *
ZACHARIAH C. MANNING,                *
                                     *
                   Plaintiff,        *
                                     *
      v.                             *
                                     *
THE UNITED STATES,                   *
                                     *
                   Defendant.        *
                                     *
* * * * * * * * * * * * * * * * * *  *
```

*Zachariah C. Manning*, *pro se*, of Dallas, TX.

*Albert Salvatore Iarossi*, Trial Attorney, Civil Division, U.S. Department of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

**SOMERS**, Judge.

    *Pro se* Plaintiff, Zachariah C. Manning, seeks compensation in this Court under the Tucker Act for alleged breaches related to, and/or violations of, General William Tecumseh Sherman's Special Order No. 15, the Freedmen's Bureau Act of 1865, post-Civil War state laws known as Black Codes, and the Thirteenth and Fourteenth Amendments to the United States Constitution. For the reasons explained below, the Court lacks subject matter jurisdiction over Plaintiff's claims.

## BACKGROUND

    Plaintiff alleges he is owed compensation from the United States as a descendant of freed African American slaves. *See generally* ECF No. 7 ("Amend. Compl."). Plaintiff argues that a number of authorities entitle him to such compensation, including General Sherman's Special Field Order No. 15, the Freedmen's Bureau Act of 1865, and Black Codes enacted by southern states following the Civil War. *Id*. ¶ 4. Plaintiff also cites to the Thirteenth and Fourteenth Amendments as grounds for compensation. *Id*. The government has moved to dismiss Plaintiff's claims under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") for lack of subject matter jurisdiction.

## DISCUSSION

### A. Legal Standard

The United States Court of Federal Claims, like all federal courts, is a court of limited jurisdiction.  Under the Tucker Act, this Court may "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."  28 U.S.C. § 1491(a)(1).  However, "[t]he Tucker Act does not, of itself, create a substantive right enforceable against the United States . . . ."  *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) (citing *Ferreiro v. United States,* 501 F.3d 1349, 1351 (Fed. Cir. 2007)).  Rather, to state a claim within this Court's Tucker Act jurisdiction, "the plaintiff must identify a separate contract, regulation, statute, or constitutional provision that provides for money damages against the United States."  *Id*.  Stated differently, a plaintiff must have a claim that "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained," *United States v. Mitchell*, 463 U.S. 206, 216-217 (1983) (citing *United States v. Testan*, 424 U.S. 392, 400 (1976)), and is "reasonably amenable to the reading that it mandates a right of recovery in damages," *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 473 (2003).  In addition, once a plaintiff identifies a money-mandating source, the claim asserted by the plaintiff pursuant to that source must also have been brought within the applicable statute of limitations to be within the Court's jurisdiction.  *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130 (2008) (holding that the statute of limitations set forth in 28 U.S.C. § 2501 is jurisdictional).

Although a *pro se* plaintiff is held to "less stringent standards than formal pleadings by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements," *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007) (citing cases).  Accordingly, a *pro se* plaintiff still "bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence."  *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).

### B. Analysis

Plaintiff cites constitutional, statutory, and non-statutory provisions in support of his claims for compensation.  However, none of his claims fall within the jurisdiction of this Court because they are not brought pursuant to a money-mandating source and are well beyond the Tucker Act's six-year statute of limitations.

First, Plaintiff claims he is entitled to compensation for a breach of General Sherman's Special Order No. 15.  Special Order No. 15, however, was never enacted into law and, in any event, is not a money-mandating source entitling Plaintiff to compensation.  Issued on January 16, 1865, this Civil War order from General Sherman "confiscated as federal property a strip of coastline stretching from Charleston, South Carolina to the St. John's River in Florida, including Georgia's Sea Islands and the mainland thirty miles in from the coast," *Marshall v. United States,* No. 09-431C, 2010 WL 125978, at *1 n. 1 (Fed. Cl. Jan. 14, 2010), which was to be

"reserved and set apart for the settlement" of newly freed slaves, Special Field Order No. 15 (January 16, 1865), *reprinted in* 1 W. FLEMING, DOCUMENTARY HISTORY OF RECONSTRUCTION 350 (1906).  The order was never enacted into law and was effectively nullified by President Andrew Johnson in June 1865 when he returned the confiscated lands back to the former Confederate landowners.  *Marshall*, 2010 WL 125978, at *1 n. 1.

General Sherman's order cannot "fairly be interpreted as mandating compensation," and, therefore, this Court lacks jurisdiction over claims stemming from it.  *See Mitchell*, 463 U.S. at 216; *Marshall*, 2010 WL 125978, at *2 ("[T]o the extent [plaintiff] relies on General Sherman's Special Field Order No. 15 in support of his claim for compensation, the court lacks subject matter jurisdiction over that claim.").  Even assuming Plaintiff had a specific compensable property interest through Special Field Order No. 15, this Court would still lack subject matter jurisdiction because the claim Plaintiff raises based on that order, which was effectively nullified in 1865, occurred well beyond the Tucker Act's six-year statute of limitations.  28 U.S.C. § 2501 ("Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues."); *Marshall*, 2010 WL 125978, at *2 n. 3 ("Because the events associated with Special Field Order No. 15 occurred over 140 years ago, the statute of limitations generally applicable to claims in this court also would jurisdictionally bar reliance on the Special Field Order as a basis for a current claim.").  Contrary to Plaintiff's assertion, *see* Amend. Compl. ¶ 4, this Court does not have discretion to apply the principles of equitable tolling to extend the six-year filing rule, *John R. Sand & Gravel*, 552 U.S. at 134-138; *see also United States v. Kwai Fun Wong,* 575 U.S. 402, 416-417 (2015) (explaining that unlike the Federal Tort Claims Act's two-year statute of limitations, the Tucker Act's six-year statute of limitations is jurisdictional).

Similarly, this Court is without subject matter jurisdiction to provide Plaintiff with compensation stemming from the Freedmen's Bureau Act of 1865.  This Act established a Bureau to provide former slaves food, clothing, supplies, job placement, educational facilities, and homestead land.  An Act to Establish a Bureau for the Relief of Freedmen and Refugees, ch. 90, 13 Stat. 507 (March 3, 1865)).  The government correctly noted in its motion to dismiss that the Court of Claims did recognize specific individual compensation claims related to this Act in the 19th century; however, those claims were essentially back-pay claims of individuals who were employed by the Bureau.  *See, e.g.*, *Whittlesey v. United States*, 5 Ct. Cl. 99 (1869); *Brough v. United States*, 8 Ct. Cl. 206 (1872).  Moreover, putting aside Plaintiff's failure to identify a specific interest created by the Act that entitles him to relief, his claim that stems from this Act is long past the six-year statute of limitations period.  *Wright v. United States*, 89 F. App'x 733 (Fed. Cir. 2004) (upholding the Court of Federal Claims dismissal of a complaint under the Freedmen's Bureau Act of 1865 as "significantly beyond the six-year statute of limitations").  As with Plaintiff's claim under Special Order No. 15, this Court cannot apply equitable tolling to extend the statute of limitations on this claim.  *FloorPro, Inc. v. United States*, 680 F.3d 1377, 1382 (Fed. Cir. 2012) ("Because section 2501's time limit is jurisdictional, the six-year limitations period cannot be extended even in cases where such an extension might be justified on equitable grounds.").

The Court also does not have subject matter jurisdiction over claims based on Black Codes enacted by state governments following the Civil War.  Several postbellum southern state

governments "enacted Black Codes to subjugate newly freed slaves and maintain the prewar racial hierarchy." *Timbs v. Indiana*, 139 S. Ct. 682, 688 (2019). This Court does not have jurisdiction over claims arising from Black Codes, because, *inter alia*, they were state government laws, not federal laws. *Souders v. South Carolina Pub. Serv. Auth.*, 497 F.3d 1303, 1307 (Fed. Cir. 2007) ("Claims founded on state law are also outside the scope of the limited jurisdiction of the Court of Federal Claims."). In addition, like Plaintiff's other claims, this claim is well beyond the statute of limitations.

Finally, Plaintiff also points to the Thirteenth Amendment and the due process clause of the Fourteenth Amendment in support of his claims; however, these provisions do not mandate the payment of money and, therefore, are not within this Court's subject matter jurisdiction. *See, e.g.*, *Maxberry v. United States*, 722 F. App'x. 997, 1000 (Fed. Cir. 2018) ("The Claims Court lacks jurisdiction over claims based on the Fourth, Sixth, Eighth, Thirteenth, and Fifteenth Amendments, and the Due Process clauses of the Fifth and Fourteenth Amendments, because they are not money-mandating."). It is clear that this Court lacks jurisdiction to adjudicate claims arising from the Thirteenth Amendment. *Johnson v. United States*, 79 Fed. Cl. 769, 774 (2007) ("This court, however, cannot entertain claims brought under the Thirteenth Amendment because it does not mandate the payment of money damages for its violation.") (citing cases). Likewise, this Court lacks jurisdiction over claims arising from violations of the due process clause of the Fourteenth Amendment, as it is not money-mandating and applies to the states, not to the federal government. *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (noting that the due process clause of the Fourteenth Amendment, among others, is not a sufficient basis for jurisdiction because it does not mandate the payment of money by the government). Furthermore, as with his other claims, the conduct alleged to give rise to Plaintiff's Thirteenth and Fourteenth Amendment claims occurred more than 150 years ago, making these claims far outside the statute of limitations.

## CONCLUSION

For the forgoing reasons, this case is **DISMISSED** for lack of subject matter jurisdiction. The Clerk shall enter judgement accordingly.

**IT IS SO ORDERED.**

    s/ Zachary N. Somers
    ZACHARY N. SOMERS
    Judge